IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CLEAVEN WILLIAMS, JR., | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-21-1793 |
| WARDEN, | * | |
| Respondent. | * | |
| | *** | |

## MEMORANDUM OPINION

THIS MATTER is before the Court for consideration of self-represented Petitioner Cleaven Williams, Jr.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). Respondent Shane Weber, Warden of Western Correctional Institution ("WCI"), has filed a Limited Answer to the Petition asserting that the matter is time-barred. (ECF No. 4). The Court advised Williams of his right to respond to the Answer and offer an explanation to excuse the untimely filing of his Petition and granted him additional time to do so. (See ECF Nos. 5, 6, and 7). Williams has not filed a reply or otherwise substantively responded to the Answer. The Petition is thus ripe for disposition and no hearing is necessary. See R. Govern. § 2254 Cases U.S. Dist. Ct. 8(a); 28 U.S.C. § 2254(e)(2); Local Rule 105.6 (D.Md. 2021); see also Fisher v. Lee, 215 F.3d 438, 455 (4th Cir. 2000) (noting that a petitioner is not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons set forth below, the Court will deny the Petition and decline to issue a certificate of appealability.

## I.   BACKGROUND

Williams was tried and convicted by a jury sitting in the Circuit Court for Baltimore City of the November 17, 2008 first-degree murder of his wife and openly wearing or carrying a dangerous weapon with the intent to injure. (State R. at 26, ECF No. 4-1). In an unreported opinion affirming Williams' convictions, the Maryland Court of Special Appeals described the events leading up to Williams' arrest as follows:

> On the afternoon of November 17, 2008, Baltimore City Police Officer Joshua Laycock had just gotten off duty, and was driving past the district courthouse on North Avenue when he saw "what appeared to be a man on top of someone else struggling[.]" Ofc. Laycock stopped his vehicle and ran to assist. As he got closer, he realized he was seeing a man on top of a woman, repeatedly stabbing her. Ofc. Laycock identified himself as a police officer and ordered the man to stop; when he would not, Ofc. Laycock used his taser on the man. The man stopped stabbing the woman long enough to put the knife to his own throat, whereupon Ofc. Laycock shot him. The assailant, it is undisputed, was appellant. The victim was appellant's wife, Veronica Williams. Mrs. Williams succumbed to her extensive stab wounds on November 21, 2008.
>
> Appellant was taken to the hospital for treatment of his injuries, and was released into police custody on November 19. He was eventually charged with first- and second-degree murder, and wearing a dangerous weapon openly.

(State R. at 26–28); Williams v. State, No. 672, Sept. Term 2011, slip op. at 1–2 (Md.Ct.Spec.App. April 5, 2013).

On May 6, 2011, Williams was sentenced to life in prison for first-degree murder and three years' imprisonment for the weapon charge, to be served consecutively. (State R. at 1, 26). On April 5, 2013, the Court of Special Appeals affirmed the judgment of the Circuit Court for Baltimore City. (Id. at 25, 53). Williams sought review of the Court of

2

Special Appeals' decision, but the Court of Appeals denied the petition for writ of certiorari in July 2013. (Id. at 11–12); Williams v. State, 69 A.3d 477 (Md. 2013) (table).

On January 11, 2014, Williams filed a petition for post-conviction relief, but withdrew the petition without prejudice on March 10, 2015. (State R. at 12–13). Williams filed another post-conviction petition on September 12, 2016. (Id. at 14). A hearing was held on September 24 and 30, 2019. (Id. at 16). On April 20, 2020, the post-conviction court granted Williams the right to file a belated request for modification of sentence and application for review of sentence, but denied all other requested relief. (Id. at 17). Williams filed a motion for modification of sentence and application for review of sentence on July 8, 2020. (Id. at 18). The motion for modification of sentence was denied on July 20, 2020. (Id. at 19).

On July 1, 2020, Williams filed an application for leave to appeal the denial of post-conviction relief to the Maryland Court of Special Appeals. (Id. at 18). The application for leave to appeal was denied on February 5, 2021, with the mandate issuing on March 9, 2021. (Id. at 19).

Williams filed his Petition with this Court on July 20, 2021. (ECF No. 1). On July 21, 2021, the Court directed Respondent to answer the Petition. (ECF No. 2). On August 30, 2021, Respondent filed a Limited Answer to the Petition arguing that the matter is time-barred. (ECF No. 4). The following day, the Court issued an Order providing Williams twenty-eight days to respond to the Answer and offer additional information concerning

the timeliness of his Petition. (ECF No. 5).[1] On September 30, 2021, Williams sought an extension of time to respond. (ECF No. 6). The Court granted Williams' request on October 6, 2021, and extended the period within which he could file a response to November 30, 2021. (ECF No. 7). To date, Williams has not responded.

## II. DISCUSSION

### A. Standard of Review

A one-year limitation period applies to petitions for writ of habeas corpus filed under 28 U.S.C. § 2254. The limitation period is set forth in 28 U.S.C. § 2244, which provides that the one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] The Fourth Circuit has held that, before dismissing a pro se petition for writ of habeas corpus, "a district court should furnish notice that simply warns the pro se petitioner that his § 2254 action will be dismissed as untimely unless the petitioner can demonstrate that the petition was filed within the proper time period." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002).

28 U.S.C. § 2244(d)(1). But "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Further, the Fourth Circuit has held that a motion for modification of sentence filed pursuant to Md. Rule 4-345 tolls the one-year limitations period under 28 U.S.C. § 2244(d)(2) because "a Maryland Rule 4-345 motion to reduce sentence is not part of the direct review process and undoubtedly calls for review of the sentence." Mitchell v. Green, 922 F.3d 187, 197 (4th Cir. 2019) (quoting Wall v. Kholi, 562 U.S. 545, 555 (2011)) (cleaned up).

"[T]he one-year limitation period is also subject to equitable tolling in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). To be entitled to equitable tolling under this theory, a petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances beyond his control caused the delay. See Harris, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id.

**B.    Analysis**

Williams' conviction became final for purposes of calculating the one-year limitation period under § 2244(d)(1) on October 3, 2013, the day the ninety-day period for

seeking certiorari review with the United States Supreme Court expired. See Jimenez v. Quarterman, 555 U.S. 113, 119 (2009). Williams' initial post-conviction petition, which was filed on January 10, 2014, tolled the one-year limitation period until March 10, 2015, when Williams withdrew the petition. Once that petition was withdrawn, the one-year limitation period began to run again. At that time, Williams had 267 days left to file a federal habeas petition.[2] The remaining 267 days expired on December 2, 2015. Thus, by the time Williams filed his second post-conviction petition on September 12, 2016, the limitations period had expired and could no longer be "tolled" by a properly filed post-conviction petition. Additionally, Williams' motion for modification of sentence was filed after the one-year limitation period expired and therefore had no effect on the expiration of the limitation period.

Williams' Petition does not rely on a constitutional right recognized by the Supreme Court which was made retroactively applicable, nor does Williams allege that he was prevented from filing his Petition through state action or that the factual predicate for any of his claims was not discovered until one-year prior to the filing of his Petition. 28 U.S.C. § 2244(d)(1). Further, this Court does not find that Williams has presented any evidence that he is entitled to equitable tolling of the limitations period. Consequently, the Petition must be denied as time-barred.

---

[2] Ninety-eight days elapsed between October 3, 2013, the date the conviction was final, and January 10, 2014, the date a post-conviction proceeding was filed, leaving 267 days on the one-year limitation period. That period began to run again on March 10, 2015, the date the first post-conviction petition was withdrawn.

### III.     CERTIFICATE OF APPEALABILITY

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). This Court concludes that Williams has not made such a showing and declines to issue a certificate of appealability. Williams may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. See Lyons v. Lee, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

### IV.     CONCLUSION

For the foregoing reasons, the Court will deny Williams' Petition for Writ of Habeas Corpus (ECF No. 1) and decline to issue a certificate of appealability. A separate Order follows.

Entered this 22nd day of December, 2021.

                                    /s/
                            George L. Russell, III
                            United States District Judge